UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-cr-00120-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| GONZALO ALEXIS HERRERA MEDRANO, | |
| Defendant. | |

This matter is before the Court on Defendant Gonzalo Alexis Herrera Medrano's ("Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 24.) The Government filed an opposition. (ECF No. 25.) Defendant did not file a reply. For the reasons set forth below, the Court GRANTS Defendant's motion.

On August 18, 2022, Defendant pleaded guilty to misprision of a felony in violation of 18 U.S.C. § 4. (ECF Nos. 11, 12.) The probation officer prepared a presentence report ("PSR"), which calculated a guideline range of 21 to 27 months in prison based on an offense level of 16 and criminal history category of I. (ECF No. 20 at 12.) Defendant did not receive any criminal history points. (*Id.* at 6.) On February 16, 2023, the Court adopted the PSR in full and sentenced Defendant to a high-end, 27-month term of imprisonment to be followed by a 12-month term of supervised release. (ECF No. 22.)

On March 22, 2024, Defendant filed the instant motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows for a sentence reduction when a defendant's guideline range has subsequently been lowered by the Sentencing Commission.  The Court follows a two-step approach in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010).  First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowers Defendant's guidelines range.  *Id.* Second, the Court must consider any applicable factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)") and determine whether, in its discretion, the reduction is warranted in whole or in part under the circumstances of the case.  *Id.*

Defendant argues he is a "zero-point offender" pursuant to Amendment 821, effective November 2023.  (ECF No. 24.)  In Part B Subpart 1 of Amendment 821, which applies retroactively, the Sentencing Commission added a "zero-point offender" provision in U.S.S.G. § 4C1.1(a).  Section 4C1.1(a) provides a two-level reduction in offense level for certain offenders who meet ten enumerated criteria.  Defendant argues he meets all the criteria set forth in U.S.S.G. § 4C1.1(a).  (*Id.* at 3.)  The Government does not dispute that Defendant qualifies as a "zero-point offender."  (*See* ECF No. 25.)

After reviewing the filings in this case and absent any argument to the contrary, the Court finds Defendant meets the criteria enumerated in U.S.S.G. § 4C1.1(a).  After applying a two-level reduction, Defendant's offense level becomes 14.  The resulting guideline range with Defendant's criminal history category of I becomes 15 to 21 months of imprisonment.  Because Amendment 821 reduces Defendant's guideline range, the first step of the *Dillon* test is met.

Turning to the second step, the Court considers the § 3553(a) factors.  Defendant argues the § 3553(a) factors support a 15-month term of imprisonment. (ECF No. 24 at 1.)  Defendant argues he has used his time in prison productively by working, completing courses, participating in drug and alcohol programs, and satisfying his financial obligations.  (*Id.* at 4.)  Defendant also indicates he has a thoughtful and realistic release plan.  (*Id.*)  Lastly, Defendant states he is deeply remorseful and wishes to return home to be a father to his newborn son.  (*Id.*)

///

In opposition, the Government argues that any reduction from Defendant's 27-month sentence of imprisonment "would be inconsistent with the bargain struck by the parties in the plea agreement, which prohibited [Defendant] from asking for a sentence of less than 27 months." (ECF No. 25 at 1.)  Specifically, the plea agreement required Defendant to "recommend a sentence of (a) 27 months in prison or (b) the high end of the applicable guidelines range, as determined by the Court, whichever is higher."  (ECF No. 11 at 2.)  The Government argues Defendant was allowed to plead guilty to misprision of a felony — an offense with a maximum sentence of three years in prison — rather more serious fentanyl and cocaine trafficking crimes. (ECF No. 25 at 4.)  The Government indicates that if Defendant been charged for the drugs found in his car, he would have faced the mandatory minimum of 10 years in prison and a statutory maximum of life in prison for the fentanyl pills.  (*Id.*)  The Government argues the § 3553(a) factors more than justify a 27-month sentence in this case.  (*Id.*)

The Government relies on *United States v. Suell*, No. CRIM 3:99-CR-324-D, 2008 WL 2845295 (N.D. Tex. July 17, 2008).  In *Suell*, a district court in the Northern District of Texas declined to reduce a defendant's sentence despite an amendment to the Drug Quantity Table for crack cocaine that lowered the defendant's guideline range.  2008 WL 2845295, at *3.  The *Suell* court based its decision on the fact that the defendant "benefited significantly from his plea agreement."  *Id.*

As the *Suell* court correctly noted, courts have discretion to grant sentence reductions under 18 U.S.C. § 3582(c).  While the *Suell* court exercised its discretion to deny a sentence reduction based on plea negotiations, this Court is not bound by *Suell*.  It is unclear what effect, if any, a "zero-point offender" reduction would have had on the parties' plea negotiations in the instant case, and the Court declines to speculate.  While the benefit Defendant gained from the plea agreement is relevant under § 3553(a), the Court does not consider it to be dispositive.  At sentencing, the Court considered the § 3553(a) factors and found those factors supported a high-end sentence of imprisonment.  While the Court commends Defendant for the positive steps he has taken while in custody, the Court again finds a high-end sentence is warranted based primarily on the serious nature and circumstances of the offense.

For the foregoing reasons, the Court GRANTS Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c).  (ECF No. 24.)  The Court finds that Defendant is entitled to the benefit of Amendment 821, Part B Subpart 1, the "zero-point offender" provision, which reduces his offense level from 16 to 14.  Defendant's resulting guideline range with an unchanged criminal history category of I reduces from 21–27 months in prison to 15–21 months in prison.

IT IS HEREBY ORDERED that Defendant's term of imprisonment is reduced to a term of 21 months or time served, whichever is greater, as of the effective date of the Court's order. This effective date of this Order is stayed for 10 days from the date of the amended judgment to provide time for the United States Bureau of Prisons to receive the amended judgment and perform the requisite safety and background checks and release planning.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.  Unless otherwise ordered, Defendant shall report to the United States Probation Office within seventy-two (72) hours after his release.

IT IS SO ORDERED.

Date: May 3, 2024

_____
Troy L. Nunley
United States District Judge